<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| AUTOMANN, INC.<br>d/b/a AUTOMANN USA,<br><br>          Plaintiff,<br><br>          v.<br><br>DAYCO PRODUCTS, LLC,<br><br>          Defendant. | Civil Action No. 20-14541 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court upon Defendant Dayco Products, LLC's ("Defendant" or "Dayco") Motion to Dismiss Plaintiff Automann, Inc.'s ("Plaintiff" or "Automann") Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 18.) Plaintiff opposed (ECF No. 19), and Defendant replied (ECF No. 25). The Court has carefully considered the parties' submissions and reaches its decision without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion is granted in part and denied in part.

**I.      <u>BACKGROUND</u>**

**A.      Procedural History**

Plaintiff filed its initial Complaint on October 16, 2020. (ECF No. 1.) Defendant filed the instant motion on December 2, 2020. (ECF No. 18.) Plaintiff filed its memorandum in opposition on January 13, 2021, and Defendant filed its reply memorandum on January 27, 2021.

## B.    Factual Background[1]

Plaintiff is "a global distributor and manufacturer of aftermarket truck and trailer chassis components." (Compl. ¶ 12, ECF No. 1.) Defendant is "a global leader in the research, design, manufacture and distribution of engine drive systems and aftermarket services for automotive truck, construction, agriculture and industrial applications." (*Id.* ¶ 14.) In July of 2017, Plaintiff and Defendant entered into a distribution agreement under which Defendant would sell Plaintiff its branded products at specific discounted prices through December 31, 2020. (*Id.* ¶¶ 26–31.) In early 2020, Defendant attempted to raise its prices by reducing the discounts given to Plaintiff. (*Id.* ¶ 4.) Plaintiff allegedly informed Defendant that the price increase violated the parties' distribution agreement and "conducted market research" which revealed that Defendant was "continuing to sell the same . . . products to other similarly situated distributors at significantly lower prices . . . ." (*Id.* ¶ 49.)

Defendant maintained the increased prices, and Plaintiff did not buy any Dayco products at the increased prices. (*Id.* ¶¶ 79–80.) In July of 2020, however, Plaintiff attempted to place an order at the higher prices, but Defendant rejected the order. (*Id.*) Plaintiff alleges that Defendant engaged in a pattern of retaliatory conduct to inflict harm on Automann's business and evade judicial review of its illegal and unethical business practices. (*Id.* ¶¶ 8, 79–81, 101.) On October 16, 2020, Plaintiff filed the instant action, alleging (1) violations of the Robinson-Patman Act ("RPA") 15 U.S.C. § 13; (2) violations of the New Jersey Consumer Fraud Act ("NJCFA"); (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; (5) unfair

---

[1] The Court views the facts in the light most favorable to Plaintiff and makes all reasonable inferences in Plaintiff's favor. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

competition; (6) tortious interference with contractual relations; and (7) tortious interference with prospective economic advantage. (*See generally id.*)

## II.    **LEGAL STANDARD**

A district court conducts a three-part analysis when considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff . . . ." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). The court, however, may ignore legal conclusions or factually unsupported "the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

## III.    **DISCUSSION**

### A.    **Robinson-Patman Act (Count I)**

The RPA is "a prophylactic statute and does not require [a plaintiff to show] that the alleged discrimination . . . [has] in fact . . . harmed competition." *Stelwagon Mfg. Co. v. Tarmac Roofing Sys., Inc.*, 63 F.3d 1267, 1271 (3d Cir. 1995) (citing *J. Truett Payne Co. v. Chrysler Motors Corp.*, 451 U.S. 557, 561 (1981)); *see also Feesers, Inc. v. Michael Foods, Inc.*, 498 F.3d 206, 213 (3d Cir. 2007) ("[I]n keeping with the Act's prophylactic purpose, . . . [the Act] does not require that

the discrimination must in fact have harmed competition." (quoting *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir. 1990)). Rather, "a violation is established upon a showing that 'the effect of such discrimination *may* be substantially to lessen competition.'" *Stelwagon*, 63 F.3d at 1271 (emphasis added) (quoting *J. Truett Payne Co.*, 451 U.S. at 561); *see also Michael Foods, Inc*, 498 F.3d at 213 (citations omitted). Though a plaintiff must ordinarily allege two contemporaneous sales to state a claim under the RPA, *see Crossroads Cogeneration Corp. v. Orange & Rockland Utils., Inc.*, 159 F.3d 129, 142 (3d Cir. 1998), an enforceable contract may satisfy this requirement, *see, e.g., En Vogue v. UK Optical Ltd.*, 843 F. Supp. 838, 846–47 (E.D.N.Y. 1994).

Defendant argues that Plaintiff has no standing to sue under the RPA because it did not actually purchase Dayco products at the higher price and therefore "suffered no actual loss." (Def.'s Moving Br. 13, ECF No. 18-1.) Defendant further argues that because Plaintiff did not actually purchase the goods at a discriminatory price, it cannot be a purchaser for the purposes of the RPA and, therefore, Plaintiff fails to show discrimination between two purchasers. (Def.'s Reply Br. 2–5, ECF No. 25.)

The Court does not find Defendant's arguments persuasive. With respect to standing, because the RPA is "a prophylactic statute," Plaintiff need not have actually purchased the goods to state a claim. *See Stelwagon*, 63 F.3d at 1271. Rather, "Plaintiff must [only] set forth facts that support a plausible inference, or reasonable possibility, of harm to competition." *Satnam Distribs. LLC v. Commonwealth-Altadis, Inc.*, 140 F. Supp. 3d 405, 414 (E.D. Pa. 2015) (citing *Michael Foods, Inc*, 498 F.3d at 213.). With respect to qualifying as a purchaser under the RPA, "the Third Circuit has only distinguished situations involving two *actual* sales from those involving only a single sale . . . and those in which only an offer to sell has been made." *AlarMax Distribs., Inc. v.*

*Honeywell Int'l, Inc.*, No. 14-1527, 2015 WL 3645259, at *13 (W.D. Pa. June 9, 2015) (internal quotation marks omitted) (citing *Crossroads Cogeneration Corp.*, 159 F.3d at 142). Courts, however, "have concluded that where an executory contract exists between a buyer and a seller, the buyer may be considered a 'purchaser' for the purposes of [the RPA] 'even if there was no actual sale.'" *Satnam*, 140 F. Supp. 3d at 413 n.6 (quoting *En Vogue*, 843 F. Supp. at 846).[2]

Here, Plaintiff alleges that the price increase was announced by Defendant in February 2020. (Pl.'s Opp'n Br. 4–5.) Even though Plaintiff did not buy any Dayco products after this, Defendant did not begin to refuse Plaintiff's orders until July 9, 2020. (Def.'s Moving Br. 5.) There was an executory contract at the time of the alleged discriminatory price increase, and Plaintiff may be considered a purchaser "even if there was no actual sale." *Satnam*, 140 F. Supp. 3d at 413 n.6 (internal quotation marks omitted) (quoting *En Vogue*, 843 F. Supp. at 846). Additionally, Plaintiff alleges that Defendant was selling the same products to a specific distributor, CV Logistics, at lower prices. (Compl. ¶ 6.) Plaintiff, however, need not even identify a specific competitor at the motion to dismiss stage, as more general allegations that Defendant sold identical products to competitors at lower prices will suffice. *See, e.g.*, *Marjam Supply Co. v. Firestone Bldg. Prods. Co.*, No. 11-7119, 2012 WL 6005709, at *4 (D.N.J. Nov. 30, 2021) (holding that plaintiff sufficiently pled RPA claim by alleging supplier sold identical products to competitors at lower prices). Construing the Complaint's allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff has sufficiently pled its RPA claim. Defendant's Motion is, therefore, denied with respect to Count I of the Complaint.

---

[2] Defendant argues that this does not apply in the instant action because *Satnam* involved a "partially completed sale." (Def.'s Reply Br. 6). Defendant, however, fails to establish with relevant authority how a partial sale, as opposed to a completed sale, does not qualify as a situation in which there was "no actual sale." *Satnam*, 140 F. Supp. 3d at 413 n.6 (internal quotation marks omitted) (quoting *En Vogue*, 843 F. Supp. at 846).

### B.      New Jersey Consumer Fraud Act (Count II)

Defendant argues, and the Court agrees, that Plaintiff is not a consumer for the purposes of the NJCFA. The NJCFA protects "consumers who purchase 'goods or services generally . . . [available] to the public at large.'" *Cetel v. Kirwan Fin. Grp., Inc.*, 460 F.3d 494, 514 (3d Cir. 2006) (citing *Marascio v. Campanella*, 689 A.2d 852, 857 (N.J. Super. Ct App. Div. 1997)). "[P]urchasers of wholesale goods for resale are not consumers within the meaning of the NJCFA." *Lithuanian Com. Corp. v. Sara Lee Hosiery*, 179 F.R.D. 450, 469 (D.N.J. 1998). Plaintiff does not argue that it is a consumer within the meaning of the NJCFA and indicates that it will voluntarily dismiss its NJCFA claim. (Pl.'s Opp'n Br. 29 n.13.) To that end, Defendant's Motion is granted as unopposed with respect to Count II of the Complaint.

### C.      Breach of Contract and Remaining Causes of Action (Counts III-VII)

With regard to Count III, Defendant argues that its conduct was squarely within the terms of the parties' contract or Dayco's "general terms and conditions" and thus there can be no breach. (Def.'s Moving Br. 16–18.) In response, Plaintiff argues that even if the contract makes sales subject to Defendant's approval, such general language does not confer the power to impose a unilateral price hike because "this language does not even refer to the contract's binding pricing terms, let alone provide an exception to them." (Pl.'s Opp'n Br. 17.) Moreover, Plaintiff argues that the general terms and conditions that Defendant attached to its brief cannot be verified and thus cannot be considered by the Court on Defendant's Motion to Dismiss. (*Id.* at 17–18.)

Defendant's arguments regarding the remaining counts (IV-VII) largely hinge on the general terms and conditions being incorporated into the parties' agreement. (*See, e.g.*, Def.'s Moving Br. 19 ("[T]his alleged conduct falls squarely within the bounds of the contract and thus cannot form the basis of a claim for breach of the implied covenant."); *Id.* at 22 ("Dayco's alleged

price increase and refusal to accept further orders from Plaintiff does not constitute malice when the Distribution Agreement and its corresponding terms and conditions expressly provided Dayco the right to do so.").)[3] The Court finds that Defendant's Motion to Dismiss is premature and that consideration of these issues would be more appropriate on a motion for summary judgment. Defendant's Motion to Dismiss, accordingly, is denied with respect to Counts III through VII.

## IV.    **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** in part and **DENIED** in part. An Order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** July 30, 2021

---

[3]Although not all of Defendant's remaining arguments mention the general terms and conditions, those that do not instead assert that certain claims are invalid as "duplicative" of others. (*See, e.g.*, Def.'s Moving Br. at 21 ("The Complaint contains overlapping and duplicative claims . . . .").) Because the Court declines to consider the general terms and conditions at this time, it will similarly not dismiss the remaining claims based on arguments that presume the incorporation of the general terms and conditions.